REQUESTED BY: Loren L. Lindahl, Saunders County Attorney Wahoo, Nebraska
1. Where a decedent died June 15, 1980, and inheritance tax was determined and paid on March 23, 1981, but because of a federal adjustment of valuations an amended inheritance tax petition was filed, and additional inheritance tax was ordered paid on April 26, 1982, what rate of interest should be charged on the additional inheritance tax?
2. From what date should the interest be calculated on the additional inheritance tax?
1. Fourteen percent.
2. From the date of death of the decedent.
1. At the time of the death of the decedent, Neb.Rev.Stat. § 77-2010 (Supp. 1980) provided:
 All taxes imposed by sections 77-2001 to 77-2037, unless otherwise herein provided for, shall be due and payable twelve months after the date of the death of the decedent, and interest at the rate of nine per cent per annum shall be charged and collected from the date of the death of the decedent for such time as such taxes are not paid, except if the tax is paid within twelve months from the date of such death, interest shall not be charged or collected thereon, and in all cases where the personal representatives or trustees do not pay such tax within twelve months from the death of the decedent, they shall be required to give bond in the form and to the effect prescribed in section 77-2009 for the payment of the tax together with interest.
In 1981 this section was amended by LB167, and now reads:
 All taxes imposed by sections 77-2001 to 77-2037, unless otherwise herein provided for, shall be due and payable twelve months after the date of the death of the decedent, and interest at the rate specified in section 45-104.01, as such rate may from time to time be adjusted by the Legislature, shall be charged and collected on any unpaid taxes due from the date the same became payable, and in all cases where the personal representatives or trustees do not pay such tax within twelve months from the death of the decedent, they shall be required to give bond in the form and to the effect prescribed in section 77-2009 for the payment of the tax together with interest.
Neb.Rev.Stat. § 45-104.01 (Supp 1981) provides for interest on delinquent taxes at the rate of 14 percent per annum. LB167 was effective on August 30, 1981. As you can see, it raised the interest rate from 9 percent to 14 percent, and provided for the charging of interest on delinquent taxes from the date they became payable, rather than from the date of the death of the decedent.
We have consistently taken the position that when there is a change in the interest rate on delinquent taxes, the rate to be charged is the statutory rate in effect at the time of the tender of payment of the tax. See, Opinion No. 81, Report of the Attorney General 1969-70, page 121, and Opinion No. 304, Report of the Attorney General 1979-80, page 437.
We are confirmed in our position on this issue by an examination of the legislative history of LB167. In the floor debate on this bill, it was brought out that increased interest rates on delinquent taxes were applied back to the dates of delinquency. An amendment was offered to the bill, which would have applied the new rate only from the effective date of the bill. There was vigorous debate on this issue, and the amendment was defeated. The Legislature therefore unequivocally concurred in our previous opinions on this question.
2. The date from which the interest should be calculated presents a more difficult problem. The 1981 amendment to § 77-2010 became effective on August 30, 1981. Therefore, more than one year after the death of the decedent had elapsed before the section was amended to provide for the calculation of interest on the delinquent taxes from the date they were due, rather than from the date of the death of the decedent.
Three possible approaches can be taken to this question. First, we might contend that this is a substantive matter, and that it became fixed as of the time of the death of the decedent, and was not changed by the subsequent amendments of the statute, and that in all cases where the death occurred before the effective date of the amendment, interest would be calculated from the date of death, if the taxes became delinquent. In opinion number 10, dated January 28, 1977, Report of the Attorney General 1977-78, page 16, we discussed the distinction between procedural and substantive changes, and held that the amount of tax due was substantive, and was fixed at the date of death.
Second, we might hold it was purely a procedural matter, being a matter of a penalty to be assessed, and take a similar approach to that we take with respect to the rate of interest. In other words, we might say that we should calculate the interest just as though the old law never existed, and calculate entirely under the new law, from one year after the death of the decedent.
We think, however, that we must take a third approach. Here, on the effective date of the amendment, twelve months had already elapsed. Therefore, the penalty of interest from the date of death had already been incurred. We do not believe that changing the date from which the interest should be calculated can be interpreted as an intention on the part of the Legislature to forgive penalties already incurred. On July 1, 1981, the heirs, devisees, or legatees of the estate were liable for the additional tax plus interest at the rate of nine percent per annum from June 15, 1980. If we were to say that when the amendment became effective on August 30, 1981, their liability was only for interest at the rate of 14 percent per annum from June 15, 1981, it would clearly have been to their advantage to wait until the amendment became effective. We cannot believe that the Legislature intended to reward the delaying payment of the tax by minimizing the penalty. We therefore are of the opinion that where the tax had already become delinquent by the effective date of LB167, the interest must be computed from the date of the death of the decedent.
This answers your question with respect to the particular situation you are confronted with. We wish to emphasize, however, that our answer would probably be different in the situation where LB167 had become effective before the expiration of twelve months after the death of the decedent. In that situation the delinquency would not have occurred until after the effective date of the amendment, and the penalty for the delinquency should be determined by the law in effect on the date of delinquency, with the understanding that the rate of interest would be that in effect on the date of collection of the delinquent tax.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General